# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

GEORGE L. MARSHALL,

     Plaintiff(s),

v.

JAMES COX, et al.,

     Defendant(s).

Case No.: 2:16-cv-00566-JAD-NJK

**REPORT AND RECOMMENDATION**

     Plaintiff has failed to update his address.  *See, e.g.*, Docket No. 35.  In particular, the Court has received mail returned as undeliverable to Plaintiff.  Docket No. 35.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (*per curiam*); *see also In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991). To that end, the local rules require that litigants immediately file with the Court written notification of any change of address, and expressly warn that failure to do so may result in case-dispositive sanctions.  *See* Local Rule IA 3-1.

     On April 18, 2019, the Court ordered Plaintiff to file a notice of change of address by May 9, 2019.  Docket No. 36.  The Court expressly warned that "**FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN A RECOMMENDATION THAT THIS CASE BE DISMISSED.**"  *Id.* (emphasis in original).  To date, Plaintiff has failed to comply with that order.

     Plaintiff has disobeyed the Local Rules and the Court's order requiring him to update his address.  Plaintiff's failure to update his address, his disobedience with the local rules, and his

disobedience of the Court's order are abusive litigation practices that have interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has refused to comply with the order of this Court notwithstanding the Court's warning that case-dispositive sanctions may be imposed.[1]

Accordingly, in light of the circumstances outlined above, the Court **RECOMMENDS** that this case be **DISMISSED** without prejudice

Dated: May 20, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

**<u>NOTICE</u>**

Pursuant to Local Rule IB 3-2 **<u>any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.</u>** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

[1] Moreover, the Court is unable to contact Plaintiff "to threaten him with some lesser sanction. An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." *Carey*, 856 F.2d at 1441.